IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES EARL MOORE

VS.                                                         CIVIL ACTION NO. 1:12CV50-DAS

CITY OF COLUMBUS, ET AL.

**ORDER**

This matter is before the court on motion of the defendants to dismiss the action (# 9). After considering the motion and the response thereto, the court finds as follows:

**II. FACTS**

On December 30, 2010, Paris Easterwood made a complaint against the plaintiff, James Earl Moore, for domestic violence and aggravated assault. Specifically, Ms. Easterwood gave a statement that Moore "shot at her twice while she was trying to escape from him . . . ." At the time Easterwood was Moore's girlfriend. However, according to the amended complaint:[1]

> A few days after the incident, Ms. Easterwood voluntarily went to the police station to have the charges dropped. Ms. Easterwood explained to the investigating officer that the Plaintiff did not commit the act of crime (sic) as she reported it to them. She also admitted that she fabricated the story . . . .

As a result of the complaint, on January 13 a member or members of the Columbus Police Department arrested Moore, and he was detained until a March 17, 2011, preliminary hearing. At the hearing, Ms. Easterwood testified that she fabricated the story, and thus, the

---

[1] The court notes that the plaintiff filed his initial complaint on February 27, 2012 and an "Amended Complaint" on February 28, 2012. While the plaintiff never sought leave to file an amended complaint, the court *sua sponte* accepts the amended complaint as the pleading that now applies.

1

municipal court dismissed the case and released Moore from custody. Moore has now filed the present action, making numerous allegations against several defendants. The defendants have moved to dismiss the action in its entirety for failure to state a claim upon which relief can be granted. The plaintiff – while his response is somewhat unclear – stands firm that his amended complaint has merit.

## II. DISCUSSION

When the court considers a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger* 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a motion to dismiss, the plaintiff must plead "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Supreme Court's decision in *Iqbal* provides a framework for examining the sufficiency of a complaint. The district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then

2

determine whether they plausibly give rise to an entitlement to relief." *Id.*

Taking these fundamental concepts into consideration, the court looks now to the claims made against each of the defendants.

## **The Columbus Police Department**

The plaintiff named the Columbus Police Department as a defendant, and defense counsel moved to dismiss, arguing that the police department was not a legal entity. In his response, the plaintiff does not specifically address the defendant's position, but rather argues vaguely about "supervisory liability." In any event, the law is clear that a police department is not a proper party because is it not a political subdivision or legal entity in and of itself, but rather is merely a department of the city. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311, 314 (5th Cir. 1991). Accordingly, the Columbus Police Department shall be dismissed.

## **Mayor Robert Smith**

The plaintiff named Mayor Robert Smith as a defendant, alleging he is liable for "the practices, policies and customs of the Police Department." However, it is the Chief of Police – not the mayor – who is held responsible for the practices, policies, and customs of a police department. *See Taylor v. Town DeKalb, Miss.*, Civ. Action No. 4:06CV124TSL-LRA, 2009 WL 1748523, 4 (S.D. Miss. June 19, 2009) (holding that under Mississippi law, chief of police is final policymaker vis-a-vis law enforcement); *see also* Miss. Code Ann. § 21-21-1. While the court plans to order the plaintiff to provide a more definite statement, there is nothing in the amended complaint alleging that Mayor Smith had any direct involvement in the events alleged. Consequently, it is clear the plaintiff named the mayor based wholly on his position, and because he is not responsible for the practices, policies, and customs of the police department, he shall be

dismissed.

As to the remaining parties, the court finds the plaintiff's amended complaint too unclear either to grant or deny the defendants' motion. Accordingly, the court hereby orders the plaintiff to provide a more definite statement with a second amended complaint no later than July 6, 2011. The defendants will then file a responsive pleading no later than July 23, 2011.

IT IS, THEREFORE, ORDERED, that Defendants' Motion to Dismiss is granted in part and denied in part.

SO ORDERED, this the 29th day of June, 2012.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE