IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES EARL MOORE

VS.   CIVIL ACTION NO. 1:12CV50-DAS

CITY OF COLUMBUS, ET AL.

## MEMORANDUM OPINION

This matter is before the court on motion of the plaintiff for the court to reconsider (# 65) its order granting the defendant's motion to compel. Also before the court is the defendants' motion to dismiss the action pursuant to Rule 37 of the Federal Rules of Civil Procedure (# 72). After considering the motions and the responses thereto, the court finds as follows:

## I. FACTUAL AND PROCEDURAL HISTORY

In a previous order, the court provided the facts that led to the present allegations and will repeat them now in the same manner.

On December 30, 2010, Paris Easterwood made a complaint against the plaintiff, James Earl Moore, for domestic violence and aggravated assault. Specifically, Ms. Easterwood gave a statement that Moore "shot at her twice while she was trying to escape from him . . . ." At the time Easterwood was Moore's girlfriend. However, according to the amended complaint:

> A few days after the incident, Ms. Easterwood voluntarily went to the police station to have the charges dropped. Ms. Easterwood explained to the investigating officer that the Plaintiff did not commit the act of crime (sic) as she reported it to them. She also admitted that she fabricated the story . . . .

As a result of the complaint, on January 13 a member or members of the Columbus Police Department arrested Moore, and he was detained until a March 17, 2011, preliminary

1

hearing. At the hearing, Ms. Easterwood testified that she fabricated the story, and thus, the municipal court dismissed the case and released Moore from custody. Moore then filed the present action, making numerous allegations against several defendants. On June 29, 2012, this court dismissed the claims against the Columbus Police Department and Mayor Robert Smith. Based on the plaintiff's failure to make himself available for a deposition, the remaining defendants now have moved to dismiss the action in its entirety.

In support of their argument, the defendants explain that on February 12, 2013, defense counsel requested dates from plaintiff's counsel to hold the plaintiff's deposition. After receiving no response, defense counsel asked on February 15 for a list of dates the plaintiff would be available. Some time after February 15 (approximately February 27), plaintiff's counsel explained to defense counsel in a telephone conversation that she was in the process of obtaining dates for the deposition, but they would necessarily be weekend dates. Hearing nothing afterwards, defense counsel wrote to plaintiff's counsel on March 4 and explained that if he got no response within seven days, he would be forced to notice the deposition unilaterally. Nevertheless, plaintiff's counsel did not provide dates for the deposition, and thus, on March 13, defense counsel unilaterally noticed the plaintiff's deposition for March 20, 2013 to be held in the Grand Jury Room of the Lowndes County Courthouse in Columbus, Mississippi.

Five days later on March 18 and two days before the deposition was to take place, plaintiff's counsel informed defense counsel that neither she nor the plaintiff would be available for the deposition. Plaintiff's counsel again explained that because the plaintiff worked, the deposition must take place on a weekend. Despite informing defense counsel that the plaintiff would not be available, plaintiff's counsel did not file a motion to quash the notice nor did she

file a motion for a protective order. Defense counsel, therefore, was present on March 20 and ready to depose the plaintiff who did not appear.

As a result of these difficulties, the defendants filed a motion to dismiss the action or for the court to compel the plaintiff to provide deposition testimony. On April 11, this court denied the motion to dismiss but ordered the plaintiff to make himself available for deposition on April 19, 2013. In that order, the court warned: "Should the plaintiff fail to appear for his deposition on April 19, the court will consider a motion to dismiss filed pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure."[1] Not surprisingly, the plaintiff did not make himself available for deposition on April 19, and the defendants have moved to dismiss. The plaintiff also has moved the court to reconsider its April 11 decision.

## II. DISCUSSION

### 1. Motion to Reconsider

In its April 11 order denying the motion to dismiss but granting the motion to compel, the court ordered the plaintiff to appear for his deposition on April 19. The court also ordered pursuant to Rule 37(b)(2)(C) that the plaintiff and his counsel would pay "the reasonable expenses, including attorney's fees, caused by the plaintiff's failure to appear for the deposition lawfully noticed for March 20, 2013." It is this sanction the plaintiff moves the court to reconsider. In the motion to reconsider, plaintiff's counsel argues that sanctions (paying defense counsel's costs, expenses, and fees) were not appropriate and that "a warning should suffice to

---

[1]The court notes that following its order, plaintiff's counsel moved the court to reconsider, and for the first time made the court and counsel opposite aware that she had been attempting to contact her client for some time. Indeed in one letter provided, counsel informed her client that failure to respond may result in dismissal of his case.

3

secure compliance." However, the order plaintiff is asking the court to reconsider included a warning that a failure to appear for a deposition on April 19 may result in dismissal, and clearly this did not suffice. While the plaintiff filed the motion to reconsider on April 17, the court now knows the plaintiff did not appear as ordered on April 19.

The plaintiff also argues that the court misconstrued or "disregarded" her response to defense counsel when he asked for dates, but such a position is not accurate. The court is fully aware that plaintiff's counsel spoke with defense counsel at some point in late February, but like defense counsel, the court was looking for the plaintiff's response in the form of deposition dates. That plaintiff's counsel contacted defense counsel telephonically in late February and told him she was in the process of obtaining dates is no response at all. Indeed, the plaintiff subsequently ignored a court order to appear on April 19 and to this day, has not provided available dates.

Finally, after examining the plaintiff's motion, it is clear she has been trying to contact her client but has been unable to do so for some time. That her client would not respond to her or that she did not know how to contact her client is, of course, not sufficient reason to reconsider the court's earlier order. While it appears plaintiff's counsel was indeed having difficulty contacting her client, she never once explained that either to the court or defense counsel. Had she done so perhaps all of these problems could have been avoided. Instead, plaintiff's counsel continued to ignore defense counsel's requests to provide the dates and then failed to move to quash the notice defense counsel felt compelled to have issued. Accordingly, the motion to reconsider is not well-taken.

## 2. Motion to Dismiss

It is well-established that a district court is authorized under Rule 37 of the Federal Rules of Civil Procedure to dismiss a complaint with prejudice when a party refuses to obey a valid discovery order. *See National Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 640 (1976); *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985). The Fifth Circuit Court of Appeals has provided a set of four factors to consider when deciding whether the severe sanction of dismissal is appropriate. Those factors are as follows: (1) whether the failure to comply with the court's order resulted from willfulness or bad faith and whether this was accompanied by a clear record of delay or contumacious conduct; (2) whether the deterrent value of Rule 37 cannot be substantially achieved utilizing less drastic sanctions; (3) whether the other party's preparation for trial was substantially prejudiced; and (4) whether the neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders. *Batson*, 765 F.2d at 514. The court will consider each of these factors in turn.

1. *Whether the failure to comply with the court's order resulted from willfulness or bad faith and whether this was accompanied by a clear record of delay or contumacious conduct*

In its previous motion to dismiss, the defendants submitted the August 24, 2004, Order of Sentencing that showed the plaintiff was on that date sentenced to six years incarceration for the sale of cocaine. That order also provided that once released, the plaintiff would be on post-release supervision for an additional five years. As part of his post-trial supervision, the order mandates *inter alia* that the plaintiff shall report to the department of corrections as directed by the department; pay restitution as well as a monthly supervision fee; and remain within the State of Mississippi. In addition to the Order of Sentencing, the defendants submitted a warrant for

the plaintiff's arrest, issued on February 1, 2012. That warrant provides that the plaintiff has violated the terms of his post-trial supervision for failing to report since October 13, 2011 and his court fees are in arrears. Also, plaintiff's counsel now has made it clear the plaintiff is living in Houston, Texas, another violation of the Order of Sentencing.

As a result, the defendants contend that should the plaintiff appear for his deposition, there is every likelihood he would be arrested for violating his conditions of release. Therefore, according to the defendants, the plaintiff has refused to attend his deposition to avoid being arrested. The plaintiff does not dispute this. In his response, the plaintiff spends a great deal of time and effort, arguing that dismissal is inappropriate but provides no explanation whatever as to why he failed to abide by the court's order or why he – even to this date – has failed to provide dates for his deposition.

It is abundantly clear to the court that the plaintiff's behavior has been in bad faith. He is a fugitive, and the fact that he and his counsel have ignored both defense counsel and the court is contumacious at the very least. That, along with the clear record of delay, is more than enough to meet this first factor.

## 2. Whether the deterrent value of Rule 37 cannot be substantially achieved utilizing less drastic sanctions

The court considered granting the defendant's motion to dismiss filed on March 21, 2013 but chose the less drastic manner to handle the problem. The court chose to deny the motion to dismiss and simply order the plaintiff to appear for his deposition. At that point, the plaintiff had only to obey the order of the court and avoid any further sanctions, such as dismissal. Because, however, the plaintiff chose to ignore that order, the court sees no reason to offer the plaintiff yet another chance. The court attempted once to utilize a sanction less drastic than dismissal, but to

do so again would almost surely be futile.

*3. Whether the other party's preparation for trial was substantially prejudiced*

The discovery deadline passed on April 1, 2013, over one month ago. With his motion, defense counsel explained that he finally was forced to notice the plaintiff's deposition unilaterally because the deadline for completing discovery was fast approaching. Regardless, the plaintiff has not yet provided any evidence that he would or could be available to sit for a deposition at all. Indeed, it is unlikely. Certainly, the defendants have every right to depose the plaintiff who filed the present action and made such harsh allegations against them. The court will not force the defendants to trial without having had the opportunity to conduct all the discovery they seek that is allowed by the rules. The court cannot conceive of greater prejudice to a party than disallowing that party to depose the opposing party. Moreover, simply precluding the plaintiff's testimony from trial does not cure sufficiently the prejudice. Deposing a *party* offers many advantages that may be utilized at trial or with a dispositive motion to name only two advantages. Consequently, this factor also weighs in favor of dismissal.

*4. Whether the neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders*

Both plaintiff's counsel and the plaintiff are responsible for the situation before the court, but it is clear now that the lion's share of the blame lies with the plaintiff, himself. The court is convinced that the plaintiff is a fugitive. The Order of Sentencing is plain. The plaintiff has provided nothing to the court to show that he was somehow allowed to move out of state, nor has he provided any explanation at all as to why he ignored a direct order of the court. The court's order certainly was not confusing, nor has there been any misunderstanding. This final factor is

obviously utilized when a plaintiff is wholly unaware of his attorney's action or inaction. Here, however, plaintiff's counsel has made numerous attempts to contact him. He certainly is aware that he has a case pending before this court and that he cannot simply move forward at his leisure. Plaintiff's counsel has made it clear that at least once she communicated with him and let him know how important it was to keep in contact with her, and he has chosen not to do so. The court is confident a dismissal with prejudice will hardly bother the plaintiff at all. He has all but abandoned the claim.

IT IS, THEREFORE, ORDERED that the plaintiff's motion to reconsider (# 65) its order granting the defendant's motion to compel is hereby DENIED.

IT IS, FURTHER, ORDERED, that the defendants' motion to dismiss the action pursuant to Rule 37 of the Federal Rules of Civil Procedure (# 72) is hereby GRANTED, and this action is dismissed with prejudice.

A judgment in accordance with this opinion will issue this day.

SO ORDERED, this the 7th day of May, 2013.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE